FEDERAL INSURANCE COMPANY & another[1] vs. JAMES T.
RONAN.[2]

Suffolk. March 6, 1990. - July 11, 1990.

Present: LIACOS, C.J., WILKINS, ABRAMS, LYNCH, & GREANEY, JJ.

*Practice, Civil*, Death of party.

In a civil action in which the representative of a deceased party failed to
notify the surviving parties and to file a suggestion of death on the rec-
ord in accordance with Mass. R. Civ. P. 25 (a) (1), the judge incor-
rectly failed to find excusable neglect, as required by that rule, on the
part of the other parties in their not having moved to substitute the
representative within one year of approval of her bond. [925-926]

CIVIL ACTION commenced in the Superior Court Depart-
ment on April 7, 1986.

A motion to dismiss was heard by *George C. Keady, Jr.*,
J., and entry of final judgment was ordered by *John L. Mur-
phy, Jr.*, J.

The Supreme Judicial Court granted a request for direct
appellate review.

*Paul R. Devin* (*George C. Rockas* with him) for the
plaintiffs.

*Laurence Field* (*Erik Lund* with him) for the defendant.

ABRAMS, J. We granted the plaintiffs' application for di-
rect appellate review to consider their claim that Mass. R.
Civ. P. 25 (a) (1), 365 Mass. 771 (1974), requires the con-
clusion that their failure to substitute the defendant's execu-
trix within one year of the approval of her bond falls within

---

[1]Travelers Indemnity Company.

[2]The other defendants are not before us, nor is the executrix of the
defendant James T. Ronan.

the excusable neglect provision of Mass. R. Civ. P. 25 (a) (1).[3] We agree. We reverse and remand.

On April 24, 1987, less than four months after the plaintiffs' amended their complaint to add the defendant as a party, he died. On May 15, 1987, counsel for the defendant filed a suggestion of death, which was served on all parties in the case. The suggestion of death did not identify anyone as Ronan's actual or prospective representative. On June 22, 1987, the Probate Court appointed Faith E. Ronan to be the defendant's executrix and approved her bond. Faith Ronan did not, as executrix, appear in the action, notify the parties of the defendant's death, or file a suggestion of death on the record.

In August, 1988, counsel for the defendant moved to dismiss for failure timely to substitute proper parties under rule 25 (a) (1). The plaintiffs filed an opposition to the motion to dismiss and a motion to substitute the defendant's executrix as a defendant. The judge in the Superior Court allowed the motion to dismiss, finding that the plaintiffs were "fully aware" of the defendant's death. He ruled that their knowledge precluded him from finding that their failure to substitute the defendant's executrix was excusable neglect under rule 25 (a) (1). The plaintiffs then filed motions to reconsider the allowance of the motion to dismiss and the denial of the

---

[3]Rule 25 (a) (1) of the Massachusetts Rules of Civil Procedure provides: "If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the representative of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons. Unless the motion for substitution is made within one year after the date of approval of the bond of the representative of the deceased party, the action shall, upon notice and hearing, be dismissed unless the failure of the surviving party to move for substitution was the result of excusable neglect. If the court finds that the representative of the deceased party has failed within a reasonable period of time after the date of the approval of his bond to notify in writing the surviving party of the decedent's death and to file a suggestion of death upon the record it shall find excusable neglect for purposes of this rule and Rule 6(b)."

motion to substitute. These motions were denied. The plaintiffs unsuccessfully petitioned a single justice of the Appeals Court for relief from the allowance of the motion to dismiss.

Having failed in their efforts to substitute the defendant's executrix, the plaintiffs then moved for leave to file an amended complaint naming the defendant's executrix as a defendant. The trial judge denied this motion, ruling that amendment in these circumstances would "effectively nullify rule 25 . . . ." The plaintiffs again sought relief from a single justice of the Appeals Court. After a single justice denied relief, the plaintiffs moved for the entry of a separate and final judgment under Mass. R. Civ. P. 54 (b), 365 Mass. 824 (1974), in the defendant's favor. This motion was granted, and the plaintiffs appealed.

The plaintiffs argue that rule 25 (a) (1) requires a finding of excusable neglect in this case because the defendant's representative did not undertake to notify them of the defendant's death and did not herself file a suggestion of death. They contend that the suggestion of death filed by the defendant's attorneys was deficient because only the defendant's *representative* was authorized to file a suggestion under the rule,[4] and because the suggestion filed by the defendant's attorney failed to identify the defendant's representative. Relying on *Rende* v. *Kay*, 415 F.2d 983 (D.C. Cir. 1969), and its progeny,[5] decided under Fed. R. Civ. P. 25 (a) (1), the plaintiffs argue that, unless the notice and suggestion of death are made by the deceased's representative (i.e., the executor or administrator),[6] the time limits for filing a motion

---

[4]The provision of rule 25 (a) (1) relating to a suggestion of death filed by a party is not at issue in the case.

[5]See, e.g., *Boggs* v. *Dravo Corp.*, 532 F.2d 897 (3d Cir. 1976); *Blair* v. *Beech Aircraft Corp.*, 104 F.R.D. 21 (W.D. Pa. 1984), aff'd, 787 F.2d 580 (3d Cir. 1986); *Al-Jundi* v. *Rockefeller*, 88 F.R.D. 244 (W.D.N.Y. 1980); *National Equip. Rental, Ltd.* v. *Whitecraft Unlimited, Inc.*, 75 F.R.D. 507 (E.D.N.Y. 1977).

[6]It is clear that the rule's references to "representative" do not include the attorneys for the defendant. "On the death of [the client] there [is] no legal representative before the court and counsel's authority was automatically terminated by his death. . . . No effective action [can be] taken until

to substitute are tolled. The plaintiffs argue that the *Rende* court's reasoning, that "[n]o injustice results from the requirement that a suggestion of death identify the representative or successor of an estate who may be substituted as a party for the deceased before Rule 25 (a) (1) may be invoked by those who represent or inherit from the deceased," is required by our rule. *Id.* at 986. The plaintiffs also point out that some State courts have adopted the rule in *Rende*. See *Varela* v. *Roman*, 156 Ariz. 476, 478 (Ariz. App. 1988) ("the rule plainly contemplates that the suggestion of death be filed by a party or the representative of the deceased party"); *Hoffman* v. *Cohen*, 538 A.2d 1096, 1100 (Del. 1988) ("We find the reasoning of *Rende* . . . not only persuasive but compelling"); *Barto* v. *Weishaar*, 101 Nev. 27 (1985); *Wick* v. *Waterman*, 143 Wis. 2d 676 (Ct. App. 1988).

Counsel for the defendant argues that the differences between our rule and the Federal rule compel a result in favor of the defendant. Unlike the Federal rule, which provides for dismissal of an action as to the deceased party "[u]nless the motion for substitution is made not later than 90 days after the death is suggested upon the record," Mass. R. Civ. P. 25 (a) (1) provides for dismissal only after the more indulgent interval of "one year after the date of approval of the bond of the representative." Counsel for the defendant contends that the *Rende* decision resulted from a concern that it would be unfair to compel surviving parties to assume the "burden of locating the representative of the estate within 90 days." *Id.* at 986. The defendant's counsel argues that the far longer time span contemplated by our rule renders the *Rende* court's solicitude for surviving parties unnecessary, because surviving parties informed of a death (as were the plaintiffs here) have one full year to discover the identity of the dece-

a legal representative [is] made a party." *Turner* v. *Minasian*, 358 Mass. 425, 427 (1970). Moreover, the rule refers to the approval of the representative's bond, thus indicating that the representative is an executor or administrator. Attorneys for the representative, of course, may file the suggestion of death, provided that the representative is identified.

dent's representative. Finally, the defendant's counsel directs our attention to several State courts that have rejected the rule in *Rende.* See *Brown* v. *Wheeler,* 437 So. 2d 521 (Ala. 1983) (unlike Federal rule, corresponding Alabama rule does not require that suggestion of death be filed by representative); *Farmers Ins. Group* v. *District Court of the Second Judicial Dist.,* 181 Colo. 85, cert. denied sub nom. *Lambert* v. *Supreme Court of Colo.,* 414 U.S. 878 (1973). *Mullis* v. *Bone,* 143 Ga. App. 407 (1977); *LesCarbeau* v. *Rodrigues,* 109 R.I. 407, 410 (1972) (decided under Rhode Island rule imposing no time limitation on when motion to substitute must be made). Cf. *King* v. *Tyree's of Tampa, Inc.,* 315 So. 2d 538 (Fla. Dist. Ct. App. 1975). In essence, the defendant's counsel urges us to adopt the view that "a plaintiff's attorney who receives notification of the defendant's death has the responsibility to promptly initiate the necessary inquiries to determine the identity of a person to be substituted for the deceased defendant." *Farmers Ins. Group, supra* at 90.

Although we agree with the defendant's attorney that generally the burden is on counsel "to attend to the progress of pending matters," *Brown* v. *Quinn,* 406 Mass. 641, 644 (1990), the plain language of our rule requires a conclusion that the burden is on the representative of the deceased party. The last sentence of rule 25 (a) (1) (not found in its Federal counterpart) reads as follows: "If the court finds that the representative of the deceased party has failed within a reasonable period of time after the date of the approval of his bond to notify in writing the surviving party of the decedent's death and to file a suggestion of death upon the record it *shall find excusable neglect* for purposes of this rule and Rule 6 (b)"[7] (emphasis supplied). The Reporters' Notes to Mass. R. Civ. P. 25 (Mass. Ann. Laws, Rules of Civil Procedure 653 [Law. Co-op. 1982]) reinforce the mandatory na-

---

[7]The rule's emphasis on notice *in writing* renders irrelevant any notice of the representative's identity by telephone. See *National Equip. Rental, supra* at 510.

ture of this procedural requirement: "Failure on the part of the decedent's representative to notify the surviving party within a reasonable time from the approval of the bond and to file a suggestion of death upon the record *requires a finding of excusable neglect*" (emphasis supplied).

The plaintiffs, therefore, are correct in arguing that the plain language of our rule imposes an even higher burden on the representative of a deceased litigant than does the Federal rule. Indeed, the rule appears to *follow* the holding in *Rende* in some respects[8] (although it provides an even longer time in which surviving parties may move to substitute). Were there any ambiguity, we would be inclined to accept the argument of the defendant's counsel, but there is none. We do not depart from the plain, unambiguous, and mandatory language of any rule in the service of a vague notion of the spirit and purpose of the rule. See *Mellinger* v. *West Springfield*, 401 Mass. 188, 192-193 (1987) (following plain language of Mass. R. Civ. P. 15, 365 Mass. 824 [1974]). Under our rule, "[t]he burden [on the decedent's representative] of providing formal notice is slight." *National Equip. Rental, Ltd.* v. *Whitecraft Unlimited, Inc.*, 75 F.R.D. 507, 510 (E.D.N.Y. 1977). The judgment is vacated, and the case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*

---

[8]*Rende* was decided in 1969. Our rule was adopted in 1974. See 365 Mass. 771 (1974).