JOSEPH C. MOTTA vs. SCHMIDT MANUFACTURING
CORPORATION & another.[1]

No. 95-P-852.

Bristol. October 4, 1996. - December 12, 1996.

Present: BROWN, IRELAND, & LENK, JJ.

*Rules of Civil Procedure. Practice, Civil,* Parties, Death of party, Substitu-
tion.

In a civil action, the judge correctly dismissed the complaint upon motion
of the defendants for failure of the plaintiff's administratrix to seek
timely substitution of herself as a party plaintiff, where the motion for
substitution was filed more than two years after the one-year period al-
lowed under Mass. R. Civ. P. 25(a)(1), and where that rule makes no
provision for a finding of excusable neglect of a late-filing representative.
[787-789]

This court stated that, in exceptional and unusual circumstances, a judge
may, within sound discretion and for "cause shown," grant an extension
of time, pursuant to Mass. R. Civ. P. 6(b), for the filing of a motion for
substitution by the representative of a deceased party. [789-790]

Where a representative of a party in a civil action made no showing of
excusable neglect for failing to file a motion for substitution for the
deceased party within the time constraint of Mass. R. Civ. P. 25(a)(1),
she was not entitled to relief under Mass. R. Civ. P. 6(b)(2). [791]
BROWN, J., dissenting.

CIVIL ACTION commenced in the Superior Court Depart-
ment on October 6, 1983.

Motions to dismiss and for substitution of party, filed on
October 31, 1994, were heard by *Richard J. Chin,* J.

A proceeding for interlocutory relief was heard in the Ap-
peals Court by *Ireland,* J., and, after the matter was remanded
to the Superior Court Department, the motions were
reconsidered by *Chin,* J.

*Kevin J. Finnerty* for the plaintiff.

[1]Ralph F. Schmidt.

*Paul J. McCawley* for Schmidt Manufacturing Corporation & another.

IRELAND, J. The plaintiff's administratrix is appealing the dismissal under Mass.R.Civ.P. 25(a)(1), 365 Mass. 771 (1974), of her late husband's shareholder derivative claim on behalf of the defendant corporation and breach of duty action against the corporation's majority shareholder. The complaint was dismissed upon motion by the defendants who claimed that the administratrix failed to seek timely substitution of herself as a party plaintiff following the plaintiff's death in 1991. The defendants' motion was filed in response to the administratrix's motion for substitution under Mass.R.Civ.P. 25(a)(1), which the administratrix filed more than three years after the plaintiff's death.

The initial complaint, alleging, among other things, violations of corporate duties and other general violations of fiduciary duties by the corporation's majority stockholder, was entered in the Superior Court in 1983 and was amended in 1986. The plaintiff died on September 19, 1991. On December 5, 1991, the plaintiff's wife, Lillian A. Motta, was appointed administratrix of the estate, and her bond as his personal representative was approved by the Probate Court. The decedent plaintiff's trial attorney in this matter filed a written suggestion of death with the Superior Court on January 6, 1992, and served a copy on all parties in the case.

Thereafter, the matter was placed on the Superior Court's trial list numerous times but was then removed from the list and was continued at the request of one or another of the parties. At least one pretrial conference occurred during this period. On October 31, 1994, the administratrix filed a motion to substitute herself as the party plaintiff in the matter. In response, the defendants moved for dismissal under Mass. R.Civ.P. 25(a)(1), claiming that the administratrix had not filed her motion for substitution within the one-year period following approval of her bond as the decedent plaintiff's personal representative that is prescribed in rule 25. A Superior Court judge initially allowed the administratrix's motion and denied the defendants' cross motion. The defendants next sought interlocutory relief pursuant to G. L. c. 231, § 118, from a single justice of this court on the denial of their motion to dismiss. After hearing the matter, the single justice denied relief but without prejudice to either party to

raise the issue on appeal from a final judgment. The single justice also remanded the matter to the Superior Court to make findings on the question of possible excusable neglect of the administratrix in her late filing for substitution.

On reconsideration, the same Superior Court judge reversed his earlier orders and allowed the defendants' motion to dismiss. In a memorandum of decision, the judge ruled that the administratrix had failed both to provide proper written notice of the plaintiff's death to the defendants within a reasonable time and to move timely for substitution. The judge concluded that rule 25's "excusable neglect" provisions apply only to surviving parties (here the defendants) who have not received proper or timely written notice of a party's death. The excusable neglect provisions within rule 25, according to the judge, do not protect a decedent party's personal representative (here the plaintiff) from a surviving party's motion to dismiss for failure to move for substitution within the prescribed one-year period. The administratrix appealed from the ensuing judgment dismissing the amended complaint.

The administratrix claims that she was entitled to a finding of excusable neglect from the judge — if not under rule 25(a)(1), itself, then under Mass.R.Civ.P. 6(b)(2), 365 Mass. 748 (1974), which allows for extensions of time for filing various motions upon a discretionary finding by the judge of excusable neglect. According to the administratrix, the defendants would have suffered no prejudice had a finding of excusable neglect been made on her behalf and her motion for late substitution been allowed. The defendants received notice of the plaintiff's death from the decedent plaintiff's attorney in early 1992. In the face of this knowledge, they either acquiesced in or moved for several trial postponements and also participated in a pretrial conference.

We agree with the judge that rule 25(a)(1), the relevant text of which is reprinted below in the margin,[2] makes no provision for a finding of excusable neglect on the part of the

---

[2] "If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the representative of the deceased party and, together with the notice of hearing shall be served on the parties as provided in Rule 5 . . . . *Unless the motion for substitution is made within one year after the date of approval of the bond of the representative of the deceased party, the action shall,* upon notice and hearing, *be dismissed unless the failure of the surviving party to move for substitution was the result*

representative (i.e., the administratrix) of the decedent. The Massachusetts version of rule 25(a)(1) is modeled in part upon Fed.R.Civ.P. 25(a)(1), but contains added provisions (not present in the Federal version) that pertain to excusable neglect of a surviving party or parties who bring a late motion for substitution. The Massachusetts version of rule 25(a)(1) makes further provision for a *mandatory* finding of excusable neglect on behalf of a late-filing surviving party who has not been properly notified by the representative of a deceased party within a reasonable time after that party's death. See note 2, *supra.* No corresponding provision is made for possible excusable neglect on the part of a representative of a decedent who brings a motion later than one year after approval of her bond. See emphasized portion of rule 25(a)(1) at note 2, *supra.* Moreover, the Reporters' Notes to the rule include no reference at all to excusable neglect of a late-filing representative, as opposed to excusable neglect of a late-filing surviving party. Reporters' Notes to Mass.R.Civ.P. 25, Mass. Ann. Laws, Rules of Civil Procedure at 653 (Law. Co-op. 1982).

The first two sentences of the Massachusetts rule track nearly verbatim the Federal rule and, like the Federal rule, state that a motion for substitution may be brought either by the surviving party (or parties) or by "the representative of the deceased party." The excusable neglect provisions pertaining to surviving parties that have been added to the Massachusetts rule are detailed and specific and we assume were included by conscious design. Reference therein to "the representative of the deceased party" is notably absent with respect to excusable neglect. Had the rule's drafters intended the Massachusetts rule also to make provision for possible excusable neglect on the part of a late filing representative, they would have so stated. Cf. *Leary* v. *Contributory Retirement Appeal Board,* 421 Mass. 344, 348 (1995), and cases cited. (Where a statute or enactment is "detailed and precise," the

*of excusable neglect.* If the court finds that the representative of the deceased party has failed within a reasonable period of time after the date of approval of [her] bond to notify in writing the surviving party of the decedent's death and to file a suggestion of death upon the record it shall find excusable neglect for purposes of this rule and Rule 6(b)." (Emphasis supplied.)

omission of certain words or provisions is regarded as purposeful.) And where, as here, specific language has been included in one part of the enactment, but not in another, the language "should not be implied where it is not present." *Commonwealth* v. *Galvin*, 388 Mass. 326, 330 (1983), quoting from *Beeler v. Downey*, 387 Mass. 609, 616 (1982).

According to the last sentence of rule 25(a)(1), the defendants would have been entitled to a mandatory finding of excusable neglect had they (rather than the administratrix) brought a motion after the one-year period had passed in which substitution of the administratrix in place of the deceased plaintiff could be sought. The notice provided to the defendants of the plaintiff's death was deficient under the rule, see *Federal Ins. Co.* v. *Ronan*, 407 Mass. 921, 923 n.6 (1990), and, therefore, it failed to properly apprise the defendants of the plaintiff's death. *Id.* at 925-926. *Ronan* strictly construed "the plain, unambiguous and mandatory language" of rule 25(a)(1). *Id.* at 926. Under the rule, the burden on the representative to provide proper formal notice (or, as here, to file a timely motion to substitute herself for the plaintiff within the twelve-month time period) "is slight." *Ibid.* The underlying purpose of rule 25(a)(1) to promote the timely and orderly substitution of one party in the place of another who has died is apparent. The fact of death lies within the obvious knowledge of the decedent's representative and the burden imposed on the representative to notify other parties of this fact by filing either a suggestion of death on the record "within a reasonable period of time," or a motion for substitution within twelve months' time is not unreasonable.

The administratrix must, therefore, look beyond rule 25(a)(1) to the general provisions of rule 6(b) for possible relief. Mass.R.Civ.P. 6(b), "enlargement [of time]," provides in key part:

> "When by these rules . . . an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion . . . (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect. . . ."

Mass.R.Civ.P. 6(b) is identical to its Federal counterpart,

Fed.R.Civ.P. 6(b). We have found no Massachusetts decision holding that "excusable neglect" under Mass.R.Civ.P. 6(b)(2) may save an otherwise late-filed motion for substitution under rule 25(a)(1) by the representative of a deceased party. There is, however, authority that Fed.R.Civ.P. 6(b) may, in some instances, get a party around the seemingly mandatory language of Fed.R.Civ.P. 25(a)(1) (also present in the Massachusetts version) that an action *"shall* be dismissed" for the unexcused failure to file a timely motion for substitution. See *Continental Bank, N.A. v. Meyer,* 10 F.3d 1293, 1297 (7th Cir. 1993); *Tatterson* v. *Koppers Co.,* 104 F.R.D. 19, 20 (W.D.Pa. 1984). See also 7C Wright, Miller & Kane, Federal Practice and Procedure § 1955, at 545-546 (1986).

With certain reservations stated below, we think the Federal authority cited is persuasive on the point, particularly where the Massachusetts version of rule 6(b), like its Federal counterpart, applies generally to *all* of the rules of civil procedure (including rule 25) and provides for discretionary extensions of time for filing of motions under any of the rules. At the same time, we think that the rule 6(b) "exception" should be applied much more sparingly to late-filed rule 25(a)(1) motions under our rules than may be the practice under the Federal rules. There are important differences between the two versions of rule 25(a)(1), as the Supreme Judicial Court has stated in the *Ronan* decision, 407 Mass. at 925-926. These include not only the specific provisions for excusable neglect found in our rule, but also the enlargement of the ninety-day period in the Federal rule to one year in the Massachusetts rule, thus providing a much longer period in which the representative may file her motion for substitution. Finally, as we earlier remarked, the Reporter's notes to Mass.R.Civ.P. 25 contain no reference to the excusable neglect provisions of Mass. R.Civ.P. 6(b); whereas the Advisory Committee's notes to Fed.R.Civ.P. 25 state that the ninety days' requirement may be extended through Fed.R.Civ.P. 6(b). Federal Civil Judicial Procedure and Rules 106 (West 1996). Accordingly, we hold that in exceptional or unusual circumstances that are not present here, extensions of time for the filing of a motion for substitution by the representative of a deceased party may be granted, where, acting within sound discretion, and for "cause shown," the judge finds excusable neglect on the representative's part.

The Superior Court judge made no finding of excusable neglect under rule 6(b), despite the single justice's instructions on remand. That omission is not fatal, because the administratrix has not demonstrated on the record that she may have been entitled to such a finding. She filed no separate motion under rule 6(b) asking for an extension of time due to reasons of excusable neglect. In the motion for substitution, the administratrix fails to describe any extenuating circumstances or compelling reasons why she filed her motion more than two years late. We find unpersuasive her implied suggestion that she was delayed in filing because she had discovered an old will executed by the decedent that, if offered for probate, may have cast doubt upon her status as the decedent's administratrix. No evidence appears in the record that the will has ever been submitted to the Probate Court, or that it has been found to be a valid will, or that the administratrix's appointment as the decedent's legal representative has been revoked as a result.

The fact that the defendants would have suffered no prejudice had the plaintiff's motion been allowed, admittedly, is one factor in weighing whether her late submission should have been excused. But prejudice, alone, is not determinative. Excusable neglect "for cause shown" under rule 6(b) necessarily means that a party's failure to act within required time periods under one or another of the rules is the result of a reasonable excuse. Among their many other purposes, the rules seek to promote orderly and timely submissions in civil matters. Moreover, this case was filed some thirteen years ago and has not been prosecuted despite being put on the trial list numerous times.

*Judgment affirmed.*

Brown, J. (dissenting). I think that on this record the judge was obliged to find "excusable neglect." The defendants would have suffered no prejudice had a finding of excusable neglect been made on the administratrix's behalf and her motion for late substitution been allowed. The defendants received notice of the plaintiff's death from the decedent plaintiff's attorney in early 1992. Afterwards, they either acquiesced in or moved for several trial postponements and also participated in a pre-

trial conference. In short, the defendants were fully apprised of the plaintiff's death. In the vernacular, "no harm, no foul."

The majority virtually ignore the generous directive for the Federal rule in *Continental Bank, N.A.* v. *Meyer,* 10 F.3d 1293, 1297 (7th Cir. 1993), that "the history of Rule 25(a) and Rule 6(b) makes it clear that the [Federal time period] was not intended to act as a bar to otherwise meritorious actions, and extensions of the period may be liberally granted."

Moreover, in allowing the motion for substitution initially, the judge implicitly found excusable neglect, which had been the basis for the motion. Later, on remand, he mistakenly came to believe that excusable neglect was irrelevant. Had the judge followed the specific order of the single justice to make findings as to excusable neglect, the administratrix would likely have prevailed on the issue.