UNITED STATES of America, Plaintiff,

v.

Matthew BAHR, et al., Defendants.

No. 2:08–cv–573–MEF.

United States District Court,
M.D. Alabama,
Northern Division.

June 22, 2011.

Amber R. Standridge, Michael Stuart Maurer, Roger Thomas Severino, Steven H. Rosenbaum, Sean R. Keveney, United States Department of Justice, Washington, DC, James Joseph Dubois, U.S. Attorney's Office, Montgomery, AL, for Plaintiff.

Matthew Bahr, Orlando, FL, pro se.

Brett Rosenbaum, Orlando, FL, pro se.

Sean McDonough, Orlando, FL, pro se.

Jewel Manahan, Orlando, FL, pro se.

Constance Taylor Buckalew, Micheal Stewart Jackson, Taylor Patrick Fendley, Beers, Anderson, Jackson, Patty & Fawal, P.C., Kenneth Jay Shinbaum, McPhillips Shinbaum L.L.P., Terrie Scott Biggs, Capell Howard PC, Montgomery, AL, for Defendants.

### MEMORANDUM OPINION AND ORDER

MARK E. FULLER, District Judge.

This cause is before the Court on three Motions to Dismiss, or in the alternative Motions for Judgment on the Pleadings. The Motions, filed by Woody Franklin and Terrill Jorgensen (Doc. # 388), James and Barbara Clark (Doc. # 390), and Millennia Properties, LLC (Doc. # 391) (collectively "the Defendants"), allege that because the United States chose not to substitute Jamarlo Gumbaytay's estate after Mr. Gumbaytay's death, the United States cannot now hold the other defendants liable. For the foregoing reasons, those motions are due to be DENIED.

### I. LEGAL STANDARD

■ None of the defendants specify the Federal Rule of Civil Procedure under which they are moving to dismiss. However, the Court assumes that the Defendants intended to move pursuant to Rule 12(b)(6). As the parties are likely aware, such a motion must be made prior to filing a responsive pleading. Fed.R.Civ.P. 12(b)(6). As all of the moving Defendants have filed answers, the Court will consider their motion on the alternative ground for relief, Rule 12(c).[1]

■ In deciding a Rule 12(c) motion for judgment on the pleadings, a Court may consider only the pleadings, in this case the Complaint and Answer. *See* Fed.R.Civ.P. 12(c). A motion for judgment on the pleadings under Rule 12(c) is governed by the same standards as a motion to dismiss under Rule 12(b)(6). The main difference between the motions is that a motion for judgment on the pleadings is made after an answer and that answer may also be considered in deciding the motion. Judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. *Mergens v. Dreyfoos,* 166 F.3d 1114, 1116–17 (11th Cir.1999).

### II. FACTUAL AND PROCEDURAL HISTORY

This Court has previously recited the facts of the case.[2] Accordingly, only those facts relevant to the Motions for Judgment on the Pleadings will be included in this opinion.

This United States alleges in its Third Amended Complaint that Jamarlo Gumbaytay was acting as the Defendants' agent when he violated the provisions of the Fair Housing Act. At the time of filing the Third Amended Complaint, Jamarlo Gumbaytay was joined as a defendant in the action. On March 21, 2011, Mr. Gumbaytay's attorney filed a Suggestion of Death on the record, giving notice to the parties that Mr. Gumbaytay had died. (Doc. # 264). Pursuant to Federal Rule of Civil Procedure 25, the United States had ninety days after the Suggestion of Death was filed to substitute Mr.

---

1. It should be noted that the deadline for filing dispositive motions, as set out in the Uniform Scheduling Order, was June 25, 2010. (Doc. # 147). The Defendants have not requested leave to file their motions out of time. However, since the events on which they base their mo-

tions occurred after the dispositive motion deadline, the Court will consider the merits of their motions.

2. See, e.g., Documents 108, 197, 257.

Gumbaytay's estate. The United States chose not to do so, and on May 24, 2011, this Court dismissed all claims against Mr. Gumbaytay. (Doc. # 378).

## III. DISCUSSION

■ The Defendants now claim in their respective motions that the dismissal of the claims against Mr. Gumbaytay was an adjudication that Mr. Gumbaytay was not liable to the United States regarding the allegations contained in the Third Amended Complaint. If the agent is found to be not liable for the alleged misconduct, the Defendants argue, then they—Gumbaytay's alleged principals—cannot be found liable either.

The Defendants are correct that the United States' theory of liability is one of vicarious liability. Accordingly, the Defendants can only be liable to the United States if Mr. Gumbaytay was acting as their agents, and as their agent he violated the provisions of the Fair Housing Act. However, their argument for a judgment on the pleadings is predicated on an incorrect premise. The dismissal of the claims against Mr. Gumbaytay pursuant to Rule 25 did not act as an adjudication on the merits. Nothing in either this Court's order dismissing the claims against him or in Federal Rule of Civil Procedure 25(a) indicates that a dismissal of claims after a party's death is an adjudication on the merits.

Other courts have found that a dismissal pursuant to Rule 25 was not an adjudication on the merits. In *Gutierrez v. Gunderson,* the plaintiff died during the pendency of the litigation. Civil Action No. 04–2627, 2008 WL 170009, at *1 (D.Minn. Jan. 16, 2008). When no motion for substitution was filed, the defendants moved for dismissal with prejudice. *Id.* The court refused to dismiss with prejudice, in part because of "the lack of an adjudication on the merits." *Id.* at *2. Similarly, in *Gruenberg v. Maricopa County Sheriff's Office,* the court chose to dismiss the deceased plaintiff's claim six months after her death had been noted on the record. No. CV 06–0397–PHX–SMM, 2008 WL 2001253, *1 (D.Ariz. May 7, 2008). However, the court chose to do so without prejudice, in part because the dismissal under Rule 25 did not constitute an adjudication on the merits. *Id.* at *2.

■ Defendants argue that the claims against Mr. Gumbaytay were actually dismissed pursuant to Rule 41(b), which discusses the involuntary dismissal of a plaintiff's case due to, among other things, a failure to prosecute its claims. The Defendants seem to contend that the United States' decision not to substitute Mr. Gumbaytay's estate was, in essence, a failure to prosecute the claims against him. Rule 41(b) provides that a dismissal under Rule 41(b) is an adjudication on the merits. Therefore, the Defendants argue that this Court's dismissal of Mr. Gumbaytay was an adjudication on the merits.

This argument is not persuasive for several reasons. First, the United States' actions do not fall within the traditional definition of a "failure to prosecute." As the United States Supreme Court explained in *Link v. Wabash Railroad Company,* Rule 41(b) permits the district court to sanction plaintiffs who have unduly delayed litigation, thereby prejudicing defendants. 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). The United States had done nothing to unduly delay this action, and any delay resulting from their failure to substitute Gumbaytay did not prejudice the remaining defendants.

Second, the dismissal contemplated by Rule 41(b) is accomplished on a defendant's motion. Neither Mr. Gumbaytay nor any of the remaining defendants moved to dismiss Mr. Gumbaytay from the lawsuit.

Third, the Defendants have not pointed to any authority for the proposition that even though Rule 25 clearly applies to the facts of this case, the Court should apply a different rule, namely 41(b). In fact, as the United States points out, the court in *Grain v. Trinity Health* determined that when dismissal was proper under Rule 25(a), it was unnecessary to apply Rule 41(b). No. 03–72486, 2008 WL 2438082, *1 (E.D.Mich. June 12, 2008).

The Court notes that while the United States can no longer seek or enforce a judgment against Mr. Gumbaytay or his estate, the plaintiff is free to present evidence at trial regarding Mr. Gumbaytay's alleged violations of the Fair Housing Act. In fact, they are required to do in order to obtain a judg-

ment against the remaining Defendants. Therefore, the jury can still find that Mr. Gumbaytay violated the Fair Housing Act. His—or his estate's—status as a party or nonparty to this lawsuit does not change the United States' ability to seek judgment against the remaining defendants.

## IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Defendants' Motions to Dismiss (Docs. # 388, 390, 391) are DENIED.