Gordon, Robert B., J.
On March 19, 2013, plaintiffs Paul Lavina (“Paul”) and Cheryl Lavina (“Cheryl”) filed a legal malpractice action against defendants Adam R. Satin and Lubin & Meyer, P.C. (together, “Lubin & Meyer”). In their Complaint, the plaintiffs allege that Lubin & Meyer was negligent in the handling of their medical malpractice suit,[1] which suit had been dismissed through the entry of summary judgment on statute of limitations grounds. Paul died on May 16, 2013, and a suggestion of death was filed on June 4, 2013. On July 26, 2013, the Probate Court appointed Cheryl as the personal representative of Paul’s estate and approved her bond.
On June 8, 2015, following a period of active discovery, Lubin & Meyer filed a Motion for Summary Judgment. That motion argued, among other things, that the case must be dismissed on account of Cheryl’s failure to make a timely motion under Mass.R.Civ.P. 25(a)(1) to substitute Paul’s estate for Paul as the party-plaintiff. In response, Cheryl filed the present Motion for Substitution.[2] For the reasons which follow, Cheryl’s Motion for Substitution shall be DENIED, and Paul’s claims in this action shall be DISMISSED in the manner hereinafter provided.
DISCUSSION
Rule 25(a)(1) of the Massachusetts Rules of Civil Procedure provides in pertinent part as follows:
If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the representative of the deceased party . . . Unless the motion for substitution is made within one year after the date of approval of the bond of the representative of the deceased party, the action shall, upon motion and hearing, be dismissed unless the failure of the surviving party to move for substitution was the result of excusable neglect.
Mass. R. Civ. 25(a)(1).
The Appeals Court has addressed the survivability of a civil action on analogous facts in just two prior cases, and in both instances affirmed the dismissal of the complaint as procedurally time-barred per Rule 25(a)(1). In Motta v. Schmidt Manufacturing Corp., 41 Mass.App.Ct. 785 (1996), the plaintiff brought claims against the defendant corporation and its majority shareholder, but died in September 1991 during the case’s pretrial discovery phase. Shortly thereafter, the Probate Court approved the appointment of plaintiffs widow as administratrix of his estate. The case was subsequently placed on the court’s trial list several times, and the parties participated in at least one pretrial conference. In October 1994, nearly three years after the Probate Court’s approval of her appointment, the administratrix filed a motion to substitute herself as parly-plaintiff in the matter. The defendants responded by moving to dismiss the action, asserting that the administratrix had not filed her motion for substitution within the one-year period following approval of her bond prescribed by Rule 25(a)(1). Motta, 41 Mass.App.Ct. at 782.
The Superior Court initially denied the defendants’ motion to dismiss, and permitted the administratrix to substitute herself as party-plaintiff in the case in accordance with Rule 25. The defendants sought interlocutory relief from a Single Justice of the Appeals Court pursuant to G.L.c. 231, §118. The Single Justice denied the requested relief without prejudice to either party re-addressing the issue on appeal following a final judgment, but remanded the matter to the Superior Court with instructions to make findings regarding the possible existence of “excusable neglect” on the part of the administratrix in connection with her late-filed motion for substitution. Motta, 41 Mass.App.Ct. at 786-87.
On remand, the Superior Court reversed its prior order (finding no excusable neglect) and allowed the defendants’ motion to dismiss. The Appeals Court affirmed, holding that, while Mass.R.Civ.R 25 made no provision for excusing an untimely motion for substitution by the representative of a deceased party, Mass.R.Civ.P. 6(b) did.[3] The Court thus declared that “in exceptional and unusual circumstances . . . , extensions of time for the filing of a motion for substitution by the representative of a deceased party may be granted where, acting within sound discretion, and for ‘cause shown,’ the judge finds excusable neglect on the representative’s part.” Motta, 41 Mass.App.Ct. at 790. At the same time, however, and noting the textual differences between Mass.R.Civ.P. 25 and its federal counterpart, the Appeals Court cautioned that the Rule 6(b) excusable neglect exception should be applied “more sparingly” to late-filed substitution under the state rule.
More recently, the Appeals Court affirmed the dismissal of a securities action for failure to file a timely motion for substitution. In Cohen v. State Street Bank & Trust Co., 2008 Mass. App. (Unpub.) LEXIS 825 (2008), the plaintiff passed away after the filing of his complaint, and his representative neglected to move for substitution of the decedent’s estate within the one-year period required by Rule 25. The Superior Court (Gants, J.) granted the defendant’s motion to dismiss, finding that “the circumstances were not [so] extraordinary to warrant excusable neglect.” Id. at *3. The Appeals Court agreed, holding that “Rule 25, read in conjunction with Rule 6, requires dismissal absent excusable neglect.” Id. at *4.
*32 In the case at bar, it is undisputed that Cheryl waited some 22 months following her approval by the Probate Court to serve as bonded administratrix of Paul’s estate before moving to substitute the estate as plaintiff in place of the decedent. It is likewise undisputed that Cheryl has put forward no grounds—and certainly none that qualify as “exceptional and unusual circumstances” for excusable neglect purposes—which would explain her failure to make a timely substitution motion under Rule 25. To his credit, counsel for the Lavinas has forthrightly acknowledged this fact to the Court. In accordance with Motta and Cohen, therefore, the Court concludes that Cheryl’s Motion for Substitution is out of time, and Paul’s malpractice claims must be dismissed.
In support of her motion, Cheryl argues that her failure to make timely substitution of Paul’s estate should be excused because Lubin & Meyer can demonstrate no prejudice from such delay. The Motta Court, however, expressly rejected the contention that the absence of prejudice can, without more, serve as a proxy for the required showing of excusable neglect. After noting that (as in the present case) the plaintiffs administratrix had “filed no separate motion under rule 6(b) asking for am extension of time due to reasons of excusable neglect,” and further observing that (as in the present case) the administratrix had failed “to describe any extraordinary circumstances or compelling reasons why she filed her motion more than two years late,” the Court addressed the absence of prejudice argument Cheryl has put forward here:
The fact that the defendants would have suffered no prejudice had the plaintiffs motion been allowed, admittedly, is one factor weighing whether her late submission should have been excused. But prejudice, alone, is not determinative. Excusable neglect “for cause shown” under rule 6(b) necessarily means that a party’s failure to act within required time periods under one or another of the rules is the result of a reasonable excuse. Among their many other purposes, the rules seek to promote orderly and timely submissions in civil matters.
Motta, 41 Mass.App.Ct. at 791. See also Commonwealth v. Barboza, 68 Mass.App.Ct. 180, 184 (2007) (“excusable neglect has been described as requiring circumstances that are unique or extraordinary . . . [R] elief is not extended to cover any kind of garden-variety oversight” (citations and quotations omitted)).
Having determined that, the motion record disclosing no grounds for a finding of excusable neglect, Massachusetts precedent compels the denial of plaintiffs Motion for Substitution and the dismissal of Paul’s claims,[4] the Court turns to the question of whether such dismissal should be with or without prejudice. Rule 25 itself provides no textual answer, and the question appears to be one of first impression in Massachusetts.[5] Upon reflection, and for the reasons which follow, it is the view of the Court that the dismissal of Paul’s claims should be without prejudice to his re-filing the same within the at least arguably unexpired statute of limitations applicable thereto.
As a threshold matter, the Court observes that Massachusetts has long expressed a preference for cases to be adjudicated on their merits. As the SJC declared in Monahan v. Washburn, 400 Mass. 126 (1987), addressing a Rule 41(b)(2) dismissal for failure to prosecute, “[i]nvoluntaiy dismissal is a drastic sanction which should be utilized only in extreme situations.” Id. at 128. Accord Mass. Broken Stone Co. v. Planning Board of Weston, 45 Mass.App.Ct. 738, 740 (1998) (‘Trial on the merits of a plaintiffs claim is strongly favored, and the involuntary dismissal of a claim should be reserved for those situations where a severe sanction is necessary”). “As a minimum requirement, there must be convincing evidence of unreasonable conduct or delay. A judge should also give sufficient consideration to the prejudice that the mov-ant would incur if the motion were denied, and whether there are more suitable, alternative penalties. Concern for the avoidance of a congested calendar must not come at the expense of justice.” Monahan, 400 Mass. at 128-29. See also Dewing v. J.B. Driscoll Ins. Agency, 30 Mass.App.Ct. 467, 470-73 (1991) (trial court erred by dismissing case with prejudice in the absence of “willful delay or default by the plaintiff or serious prejudice to the defendant”); cf. Sullivan v. Farr, 2 Mass.App.Ct. 815, 816 (1974) (striking “with prejudice” from trial court dismissal order on grounds that dismissal on demurrer for insufficient statement of cause of action in pleading was not “based on the merits”). Although the foregoing decisions do not arise in the context of Rule 25, and thus do not address the precise issue of whether a dismissal thereunder should be with or without prejudice, the undersigned believes they reflect the overarching values and priorities that should guide all of the Court’s interpretations of its rules and the exercise of its discretion when applying them.
There can be little doubt in the present case that a Rule 25 dismissal for failure to make timely substitution of the plaintiff-decedent’s estate is not a resolution of the case on its merits. See Smith & Zobel, Rules Practice, 6 Mass. Practice §25, at p. 379 (2d ed. 2006) (“Rule 25 is solely procedural. It does not determine the substantive rights of the parties in any situation to which it applies”); see also 7C Wright, Miller & Kane, Federal Practice and Procedure, at§1952 (1986) (“Rule 25 is procedural. It does not provide for the survival of rights or liabilities but merely describes the method by which the original action may proceed if the right of action survives”).[6] There is likewise nothing in the record to suggest that plaintiffs untimely motion for substitution reflects egregious dereliction on her part, or will visit any kind of unfair surprise or other prejudice on the defendants. Notwithstanding her acknowledged failure to have Paul’s estate substituted for the *33 decedent within the prescribed time period following her appointment as its representative, Cheryl Lavina has litigated this case assiduously during the two years of its pendency. Discovery is now virtually complete (and at warp speed relative to the time customarily taken in malpractice actions), and a dispositive motion addressed to the merits has already been fully briefed by Lubin & Meyer. Allowing the case to be re-filed within the applicable statute of limitations will in no way (such as through lost or impaired access to witnesses and relevant evidence) compromise the defendants’ ability to defend it. (Counsel for the defendants, to his estimable credit, has not suggested otherwise.) These facts militate strongly against treating the Rule 25 dismissal ordered herein as a disposition with prejudice. See Quest Systems, Inc. v. Zepp, 28 Mass.App.Ct. 489, 496-97 (1990).
Further support for this conclusion appears in the prevailing precedent of courts construing Federal Rule of Civil Procedure 25 and cognate state rules of court. Although the authorities are by no means uniform, the undersigned observes that it is the better-reasoned view among courts outside of Massachusetts confronting this issue that dismissals entered pursuant to Rule 25 should be mithoutprejudice. Some courts have held that, in the absence of timely substitution of an authorized estate for a deceased litigant, a claim will fail for lack of personal jurisdiction. See, e.g., Perry v. Eagle-Picher Industries, Inc., 556 N.E.2d 484 (Ohio 1990) (“If a decedent’s personal representative has not been substituted for the decedent, the end result is a lawsuit with only one party. When the court dismisses the action pursuant to Rule 25, it does so because there is, in effect, no opposing party over which the court can properly acquire personal jurisdiction. [Because] a dismissal for lack of personal jurisdiction is a ‘failure otherwise than on the merits’ ... we hold that a dismissal for failure to substitute a decedent’s personal representative pursuant to [Rule 25] is a dismissal without prejudice . . .") (citing cases). See also Barria v. B. East LLC, 2010 U.S.Dist. LEXIS 5955 (S.D.Cal. 2010) (denying untimely motion for substitution and ruling that “[t]he matter is dismissed with prejudice for lack of subject-matter jurisdiction”).
Other courts have found that a Rule 25 dismissal for failure to substitute a decedent’s estate is not a disposition “on the merits,” and thus may not be entered with prejudice to a claimant’s right to re-file. See, e.g., United States v. Bahr, 275 F.R.D. 339, 341 (M.D.Ala. 2011) (ordering dismissal to be without prejudice: ‘The dismissal of the claims against Mr. Gumbaytay pursuant to Rule 25 did not act as an adjudication on the merits”); Gruenberg v. Maricopa County Sheriffs Office, 2008 U.S. Dist. LEXIS 40342 (D.Ariz. 2008) (dismissing action under Rule 25: “But given .. . the lack of an adjudication on the merits, the dismissal will be without prejudice”): Gutierrez v. Gunderson, 2008 U.S.Dist. LEXIS 3487 (D.Minn. 2008) (declaring that, because a dismissal for lack of timely substitution represented a. “lack of an adjudication on the merits,” the dismissal would be without prejudice). See also Dunham v. Fullerton, 258 P.3d 701, 704 (Wyo. 2011) (affirming Rule 25 dismissal for untimely substitution: “dismissal without prejudice was proper—it was not an adjudication on the merits, and the statute of limitations has not run”).
Still other courts have reasoned that a trial judge dismissing an action per Rule 25 is invested with the same level of discretion as one acting pursuant to Rule 41. Therefore, a court may properly dismiss claims without prejudice under Rule 25 if it finds that, under the circumstances, the plaintiff has not acted with extreme dereliction and the defendant has not suffered acute prejudice by reason of the delay. See, e.g., Keating v. Levitan Mfg. Co., 2009 U.S. Dist. LEXIS 6839 at n.1 (E.D.N.Y. 2008) (holding that, in the circumstances presented, viz., plaintiffs failure to prosecute for months following suggestion of death but with no discernible prejudice to defendant, dismissal without prejudice was appropriate sanction); Bessent v. Nat’l Housing Partnership, 2008 U.S.Dist. LEXIS 29899 (N.D.Fla. 2008) (reversing court’s prior dismissal with prejudice pursuant to Rule 60(b): “The possibility of a dismissal with- prejudice is an exceptional circumstance . . . [SJeeing that Defendant will not be unduly prejudiced by this action, the Court will allow for the belated substitution of this representative ... If no Motion to Substitute Parly is filed, then this case shall be dismissed without prejudice”); Waters v. New York Univ. Med. Ctr., 2006 U.S.Dist. LEXIS 96794 (E.D.N.Y. 2006) (notwithstanding dismissal for failure to prosecute prompted by serial lapses on part of counsel, magistrate recommends that dismissal be without prejudice: “since dismissal is a harsh remedy warranted only under extreme circumstances, I recommend that this Court exercise its discretion to dismiss this action without prejudice”); Thornton v. Adams, 829 A.2d 517, 518 (Me. 2013) (where defendant did not face prejudice from delay, “we conclude that the court did not exceed the bounds of its discretion in dismissing the complaint without prejudice”).
In advocating for a dismissal with prejudice, which they insist is the dictate of Mass.R.Civ.P. 25, the defendants advance four principal arguments. First, the defendants argue that Rule 25 does not expressly provide for dismissals thereunder to be without prejudice, as it would have had this been the drafters’ intent. To buttress this contention, the defendants point to Mass.R.Civ.P. 4(j), which provides that, in the case of a plaintiff who fails to make service of process within 90 days of filing without a demonstration of good cause, the action shall be “dismissed without prejudice.” Thus, the argument goes, when the drafters intended for dismissals to be without prejudice, they knew how to provide for same with express language in the given rule. No similar language pro *34 viding for dismissal to be without prejudice included in Rule 25, the rule must be construed to mandate a dismissal with prejudice. The Court is unpersuaded. Mass.R.Civ.P. 12(h)(3) provides that, in actions over which jurisdiction is lacking, “the court shall dismiss the action.” Yet, notwithstanding the fact that no “without prejudice” language appears in this rule, it is well settled that dismissals for lack of jurisdiction are not dispositions on the merits to be given res judicata effect. See, e.g., Davila v. Delta Air Lines, Inc., 326 F.3d 1183 (1st Cir. 2003) (dismissal for lack of subject matter jurisdiction “plainly is not an adjudication on the merits that would give rise to a res judicata defense”); Wages v. IRS, 915 F.2d 1230, 1234 (9th Cir. 1990) (“A jurisdictional dismissal is not a judgment on the merits”). The language of Mass.R.Civ.P. 25, therefore, neither explicitly nor by implication contemplates a dismissal with prejudice as the prescribed sanction for an untimely substitution.[7]
Second, the defendants argue that federal cases construing Fed.R.Civ.P. 25 should not be relied upon when interpreting Mass.R.Civ.P. 25, because the Massachusetts analogue of this rule contains important differences. The defendants rightly note that Mass.R.Civ.P. 25 provides for a substantially lengthier period of time (one year) in which a decedent’s estate has to move for substitution as the claiming party, as compared to the 90 days provided for in the parallel federal rule. Massachusetts Rule 25 additionally provides that a party’s failure to make timely substitution may be forgiven upon a showing of “excusable neglect.” The defendants argue that, in light of these more permissive provisions, the rule’s mandate of dismissal for non-compliance should logically be construed to require that such dismissal be final and with prejudice. Once again, the Court is not convinced. The particular standard for compliance with Rule 25—be it strict or loose, exacting or forgiving—has no direct bearing on whether dismissal for non-compliance should be with or without prejudice.[8] Indeed, the lengthier period of time the Massachusetts rule allows for substitution, and the explicit authority (beyond Mass.R.Civ.P. 6(b)) it grants to the trial judge to excuse non-compliance for excusable neglect, might reasonably be thought to reflect the drafters’ intent that litigants not in the ordinary course forfeit substantive legal rights on account of technical procedural lapses such as delayed substitution. From the perspective of the undersigned, therefore, the language differences in the Massachusetts version of Rule 25 (relative to its federal counterpart) militate against treating dismissals thereunder as dispositions with prejudice.
Third, and notwithstanding what appears to be a disconnection between this particular argument and the one summarized above, the defendants maintain that the prevailing case law under Fed.R.Civ.P. 25 holds that failure to make timely substitution of a decedent’s estate requires a dismissal with prejudice. The Court’s research is to the contrary. To be sure, and as Lubin & Meyer argues in its Memorandum and supplemental letter to the Court dated September 17, 2015, other courts have occasionally dismissed under Rule 25 with prejudice. Such cases, however, are not decisional holdings or controlling rulings of law. The substantial majority of these reported decisions have involved lower courts that, without discussion or articulated reasoning of any kind, simply dismissed the action with prejudice. See, e.g., Russell v. City of Milwaukee, 338 F.3d 662, 665 (7th Cir. 2003); Pyles v. Gaetz, 2013 U.S.Dist. LEXIS 179660 (S.D.Ill. 2013); Anderson v. Valspar Corp., 2013 U.S.Dist. LEXIS 18974 (E.D.Cal. 2013); Francis v. Francis, 1992 U.S.Dist. LEXIS 4257 (N.D. Ohio 1992); Eastern Credit Assoc. v. Estate of Braxton, 215 A.2d 485 (D.C.App. 1965). These cases cannot be cited as precedent for the principle that Rule 25 mandates that a dismissal for untimely substitution of a decedent’s representative must be with prejudice. The cases are, of course, no more instructive to such a conclusion than the welter of decisions the Court has identified in which trial judges summarily dismiss actions for Rule 25 untimeliness withoutprejudice.[9] See, e.g., Goodwin v. S.C. State Univ., 2015 U.S.Dist. LEXIS 29531 (D.S.C. 2015); Graham v. Hurst, 2015 U.S.Dist. LEXIS 19359 (E.D.N.C 2015); Surgick v. Cirella, 2012 U.S.Dist. LEXIS 59106 (D.N.J. 2012); Meyers v. County of Los Angeles; 2011 U.S.Dist. LEXIS 152959 (C.D.Cal. 2011); Dunsmore v. O’Neill, 2010 U.S. Dist.LEXIS 139570 (D.Mont. 2010); Hardy v. Potter, 2009 U.S.Dist. LEXIS 56950 (S.D.Ga. 2009); Hall v. Infirmary Health Sys., 2008 U.S.Dist. LEXIS 55798 (S.D.Ala. 2008); Tolliver v. City of Dallas, 1998 U.S.Dist. LEXIS 19757 (N.D.Tex. 1998).
A number of the other cases relied upon by the defendants involved circumstances in which the court recognized that, Rule 25 delinquency aside, the plaintiffs claims were already barred or otherwise unmeritorious. See, e.g., Miskovsky v. Jones, 559 Fed.Appx. 673 (10th Cir. 2014) (lower court dismissed Section 1983 conspiracy claim against judge with prejudice, but court had previously dismissed the claim multiple times and expressly stated that the claim was not viable on its merits); Sheldon v. Vermonty, 269 F.3d 1202, 1207 n.5 (10th Cir. 2001) (stating that dismissal with prejudice was appropriate where plaintiff had not shown that he could have stated viable causes of action against defendants if he had been granted another opportunity to amend); Perrian v. Coons, 2015 U.S.Dist. LEXIS 42180 (D.Colo. 2015) (same). It would make no sense whatsoever to dismiss without prejudice in such circumstances, thereby inviting the re-filing of futile claims, and the lower courts’ decision to abjure doing so cannot logically be considered precedent for the proposition that Rule 25 somehow requires such a disposition.
Still other Rule 25 cases cited by the defendants involved far more extreme inattention and disregard for the substitution requirements of the rules than *35 anything remotely present in the case at bar. Compare, e.g., Schalow v. San Bernardino County, 119 U.S.App. LEXIS 20956, at *3 (9th Cir. 1999) (upholding Rule 25 dismissal with prejudice following plaintiffs extreme delinquency, which included spurning three separate opportunities to effect substitution: “the record demonstrates the extraordinary lengths to which the district court went to give Ballantine an opportunity to acquire standing as personal representative, standing she never acquired during the case’s pendency”); Mulvey v. Sonnenschein Nath & Rosenthal LLP, 2011 U.S.Dist. LEXIS 125707, at *4 (E.D.N.Y. 2011) (“IT]he Court gave plaintiffs estate multiple opportunities to substitute a proper party or show cause why dismissal should be held in abeyance. Every opportunity was met with silence by those empowered to act. As such, a dismissal with prejudice pursuant to Rule 25(a) is wholly appropriate”); Yazdchi v. American Honda Fin. Corp., 2006 U.S.Dist. LEXIS 62412 (N.D.Tex. 2006) (dismissing with prejudice where plaintiff never moved for substitution at all, and even took an appeal from a prior dismissal of the action without doing so). So distinguished, these decisions are of obviously limited precedential value here. Perhaps more to the point, the cases cited by the defendants (with only a stray exception or two, see, e.g., Illinois C.G.R. Co. v. Price, 539 So.2d 202 (Ala. 1988)), belie the argument that a Rule 25 dismissal is mandated by the rule to be with prejudice, and confirm the view of the undersigned that the determination of whether such a dismissal shall be with or without prejudice is one vested in the discretion of the trial judge.
Fourth, and finally, the defendants argue that to order a dismissal without prejudice in these circumstances is to permit a wholesale circumvention of Rule 25. It is thus suggested that allowing claims to be re-filed is tantamount to not dismissing them in the first place. The Court does not agree. One could, of course, say the same thing about any procedural lapse that is sanctioned by a dismissal without prejudice. It can effectively be rectified by a re-filed claim, provided this can be accomplished within the applicable statute of limitations. But therein lies the fundamental fairness and wisdom of the sanction. In a dismissal without prejudice, the statute of limitations marks the dividing line between claims that will and will not be permanently forfeited. Claims that, on their merits, remain timely can be pursued, whereas claims whose limitations periods have run cannot. In this way, the dismissal will only visit the most severe penalty upon litigants who have already engaged in serious dereliction; and, at the same time, by requiring claims to be re-filed within so much as may be left of the governing statute of limitations, without prejudice dismissals operate to ensure that the defendants whom Rule 25 is designed to protect continue to enjoy the full measure of repose to which they are entitled. It is for this reason that the Court regards a dismissal without prejudice in this case to be the fairest exercise of its discretion.[10]
CONCLUSION AND ORDER
In accordance with the foregoing discussion, the Court here concludes and orders as follows:
1) The plaintiffs Motion for Substitution is DENIED;
2) The claims of Paul Lavina are DISMISSED WITHOUT PREJUDICE;
3) The Civil Action styled Cheryl Lavina, Ad-ministratrix of the Estate of Paul Lavina v. Adam R. Satin, Esq. and Lubin & Meyer, P.C. (Superior Court C.A. No. 15-1542-H) shall be accepted as filed as of the date hereof, and shall be CONSOLIDATED with the case at bar for all purposes under Civil Action No. 2013-1012-C.[11]

 Paul’s claim had sought compensatory damages arising out of the below-the-knee amputation of his leg, and Cheryl’s claim relatedly sought damages for emotional distress and loss of consortium.

 Cheryl has additionally filed a separate action in Superior Court (Civil Action No. 2015-1542-H), in which she advances overlapping and largely duplicative malpractice claims against Lubin & Meyer. In that action, however, Cheryl names herself—as Administratrix of the Estate of Paul—as die plaintiff. OnAugust26, 2015, Cheryl moved to consolidate the two actions. The Court has since stayed Civil Action No. 2015-1542-H pending disposition of the present Motion for Substitution. At a hearing held on September 8, 2015, counsel for the parties stipulated that, if the plaintiffs Motion for Substitution is allowed, Civil Action No. 2015-1542-H shall be withdrawn. If, on the other hand, the Motion for Substitution is denied and Paul’s claims are dismissed without prejudice, counsel have agreed that the plaintiffs Motion to Consolidate shall be allowed. In that event, the two civil actions will be consolidated for all purposes under Civil Action No. 13-1012-C.

 Mass.R.Civ.P. 6(b) provides in relevant part that:
When by these rules ... an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion ... (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect. . .

 The Court does not share the defendants’ view that Cheryl’s claims in this case are legally derivative of Paul’s and must therefore be dismissed as well. While Cheryl’s loss of consortium and emotional distress claims in the underlying medical malpractice case were, by their nature, dependent upon Paul establishing that he suffered personal injuries as a result of Dr. King’s substandard care, her legal malpractice claims here stand on different footing. Cheryl must, of course, prove that, but for Lubin & Meyer’s negligence, Paul would more likely than not have obtained a favorable result on his medical malpractice claim, and that she would thus more likely than not have obtained a favorable outcome on her companion claim for loss of consortium. See Jernigan v. Giard, 398 Mass. 721, 723 (1986). But Cheryl’s claimfor legal malpractice posits that she suffered a loss of claim that is, as a legal matter, independent of Paul’s medical negligence claim against Lubin & Meyer. Indeed, Cheryl could have brought this claim without Paul at all. That Paul’s claim in the present case will be dismissed for failure to substitute his estate within the time required by Rule 25 has no legal bearing on Cheryl’s claim to having been injured by Lubin & Meyer’s alleged malpractice.

 The undersigned attaches no significance to the fact that, in Motta, Judge Chin’s preprinted judgment form recited without discussion that the dismissal was with prejudice.

 Mass.R.Civ.P. 41(b), governing the involuntary dismissal of actions, reinforces this conclusion when it states that, unless the court in its order otherwise specifies, dismissals resting on procedural grounds such as lack of prosecution, lack of jurisdiction, improper venue, or failure to join an indispensable party will not operate as an adjudication on the merits. See Mass.R.Civ.P. 41(b)(3). Failure to make timely substitution of an estate under Rule 25, although not specified in Rule 41 as these other grounds for dismissal are, shares many of the core attributes of failure to prosecute, lack of jurisdiction and failure to proceed with an indispensable party. Therefore, and particularly in light of the residual discretion that Rule 41 confers upon the trial judge to provide for a dismissal to be without prejudice even if it is for a reason other than the ones specified in the rale (see Mass.R.Civ.P. 41(b)(3)(b)), the undersigned is inclined to treat a Rule 25 dismissal as a disposition other than on the merits.

 It is certainly true that Rule 41(b)(3) specifies that “a dismissal for lack of jurisdiction" is presumed not to “operate! 1 as an adjudication on the merits,” thus obviating the need for the drafters to have made textual provision in Rule 12(h)(3) for a dismissal for lack of jurisdiction to be without prejudice. Fair point. But one could as easily argue that the drafters had eveiy incentive to align the language of Rules 12(h)(3) and 41(b)(3) in order to ensure judicial consistency in the disposition of cases thereunder. The Rules are rife with instances of belt and suspenders language of just this variety. Perhaps more critically, Rule 41(b)(3)’s excepting proviso— "unless the court in its order for dismissal otherwise specifies"—would appear to indicate that the drafters did notintend for the specification of particular grounds for dismissal in the rule to dictate the with prejudice/without prejudice determination in all circumstances. To the contrary, and as noted in Note 6, ante, the unless-otherwise-ordered language of Rule 41 reinforces the conclusion that this determination lies within the sound discretion of the trial judge. Thus, regardless of whether one looks to what is excluded from the language of Rule 25, or what is included within the text of Rule 41, all roads permissibly lead to Rome.

 By analogy, a party whose suit is dismissed with an entry of final judgment for non-compliance with interrogatory obligations pursuant to Rule 33(a)(4) is not foreclosed from seeking relief from such a judgment in accordance with Rule 60(b)(6). The applicable standards of review by the Court are not the same.

 Indeed, these cases actually outnumber by a wide margin the “with prejudice” cases cited to the Court by Lubin & Meyer.

 The Court acknowledges the defendants’ related argument that there is at least a surface inconsistency between finding a lack of excusable neglect such as would permit substitution under Rule 25, on the one hand, and a discretionary dismissal of the subject claim without prejudice so that it can be re-filed, on the other. Such inconsistency in result, however, is a product of the different legal standards applied to the underlying decision. Rule 25 allows for the forgiveness of otherwise untimely substitution if there has been excusable neglect on the part of the movant, a singular judgment addressed principally to the conduct of the moving party or its representative. The determination of whether a resulting dismissal should be with or without prejudice, by contrast, is a function of a much broader range of considerations, including the timeliness and viability of the plaintiffs underlying claim, the presence or absence of unfair prejudice to the defendant, and the overarching preference for cases to be decided on their merits. See ante.

 The parties are advised that, with the consolidation ordered herein, the entire action shall be litigated in the C Session of this Court. Going forward, therefore, all papers filed and all related correspondence should reference Civil Action Number 13-1012-C.