**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 17, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GROVER MISKOVSKY,

       Plaintiff - Appellant,

v.

JUSTIN JONES, Director; JIM
RABON, Sentence Administrator;
RONALD ANDERSON,

       Defendants - Appellees.

No. 13-6091
(D.C. No. 5:08-CV-00123-HE)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34 (a)(2); 10th Cir. R. 34.1(G). This case is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

Plaintiff and appellant, Grover Miskovsky, appearing *pro se*, appeals the grant of summary judgment to Defendants Justin Jones, Jim Rabon and Ronald Anderson, along with the dismissal without prejudice of his state law claims, and the denial of various other motions. For the following reasons, we affirm the district court's order.

**BACKGROUND**

Following a jury trial conducted in Oklahoma County, Oklahoma, Mr. Miskovsky (a former Oklahoma City lawyer) was convicted of racketeering, indecent exposure, and attempted perjury by subornation. Consistent with the jury's recommendation, the Oklahoma County trial judge (Judge Twyla Mason Gray, now deceased) sentenced him to consecutive terms of imprisonment of eighty-four, seven and two years imprisonment, respectively.

In the judgment and sentence entered on May 10, 2000, the state judge also ordered Mr. Miskovsky to pay a total of $21,800.00 in fines, compensation to victims, and costs, and further ordered that "the Department of Corrections is to use the entire draw account of this defendant towards the payment of fines, costs and fees until all are satisfied." R. Vol. 1 at 303. His conviction and sentences were affirmed on appeal. Miskovsky v. State, 31 P.3d 1054 (Okla. Crim. App. 2001). In his appeal, he did not challenge the sentencing directive relating to using his entire draw account to pay fines, costs, etc.

-2-

During his pretrial detention, and following his incarceration, Mr. Miskovsky filed numerous actions in state court and in federal district court, naming Judge Gray as a defendant. Mr. Miskovsky's claims against Judge Gray were consistently dismissed.

Mr. Miskovsky commenced the instant proceeding on February 4, 2008. He filed a complaint against Defendant Jones, in his official capacity as the Director of the Oklahoma Department of Corrections ("ODOC").[1] Mr. Miskovsky was, at that time, incarcerated at the James Crabtree Correctional Center ("JCCC"). Mr. Miskovsky claimed that the ODOC's remittance of his entire draw account to the Oklahoma County Court Clerk to pay his fines and court costs, as directed by the court at sentencing, violates the Eighth Amendment's prohibition on cruel and unusual punishment because it left Mr. Miskovsky destitute. He also claimed it violated his Fourteenth Amendment equal protection rights because no other similarly situated prisoner was subject to a similar remittance of all of his money in his account. Finally, he claimed the remittance provision violated his due process rights under the Fourteenth Amendment. As relief, Mr. Miskovsky demanded that the court issue an injunction directing the ODOC "to stop unlawfully seizing all [his] monies" and "to return to [his] prison draw account all monies unlawfully seized." Compl. at 5.

---

[1]Subsequent amendments added the remaining Defendants in this appeal.

-3-

Defendant Jones moved to dismiss the action or, alternatively, for summary judgment. As directed by the court, Mr. Jones also filed a Special Report (Martinez Report) on the ODOC's investigation of Mr. Miskovsky's claims. See Martinez v. Aaron, 570 F.2d 317, 319-20 (10th Cir. 1978). The court referred the matter to a magistrate judge for initial proceedings, consistent with 28 U.S.C. § 636(b)(1)(B).

On November 19, 2008, Mr. Miskovsky filed a 60-page amended complaint. The following day, the amended complaint was stricken from the record because it was not on a court-approved form.

On December 16, 2008, Mr. Miskovzky filed a notice of change of address, indicating that he had been transferred from JCCC to Mack Alford Correctional Center ("MACC"). In a Report and Recommendation entered on January 14, 2009, the magistrate judge recommended that the court dismiss Mr. Miskovsky's claims against Defendant Jones in his official capacity on sovereign immunity grounds as to Mr. Miskovsky's claims seeking damages and retrospective declaratory and injunctive relief. The magistrate judge further recommended that Mr. Miskovsky's claims challenging his sentences be dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(6). Finally, the magistrate judge recommended that summary judgment be entered in favor of Defendant Jones pursuant to Fed. R. Civ. P. 56 as to Mr. Miskovsky's claims relating to the ODOC's deduction of his inmate draw account funds and remittance of those funds to the County Clerk

in accordance with the state judgment. Mr. Miskovsky filed a lengthy objection to the Report and Recommendation and he requested leave to file an Amended Complaint.

In an Order entered July 24, 2009, the district court judge adopted the Report and Recommendation. The court dismissed without prejudice Mr. Miskovsky's claims challenging the validity of his sentence pursuant to the doctrine established in Heck v. Humphrey, 512 U.S. 477 (1994). The court also granted summary judgment in favor of Defendant Jones with respect to Mr. Miskovsky's Eighth Amendment, equal protection and due process claims. The court did grant Mr. Miskovsky leave to file an amended complaint limited to "other claims arising out of the same underlying circumstances and which are not inconsistent with the disposition of claims effected by this order." Order at 3.

In an 80-page Amended Complaint filed August 31, 2009, Mr. Miskovsky named nine Defendants, including Mr. Jones, Mr. Rabon, Mr. Anderson, a "John Doe," six additional ODOC officials, and Judge Gray. In this Amended Complaint, Mr. Miskovsky reasserted his previous claims of constitutional deprivations and also added a number of new claims.

The magistrate judge recommended dismissal of the claims asserted in the Amended Complaint on the grounds that (1) Mr. Miskovzky had raised some grounds that were previously resolved; and (2) the new grounds raised failed to

state a viable claim for relief.  By order dated July 30, 2010, the district court dismissed all the claims asserted in the Amended Complaint.  Mr. Miskovsky appealed, and, on August 30, 2011, our court affirmed the grant of summary judgment with respect to Mr. Miskovsky's Eighth Amendment claim and his 42 U.S.C. § 1983 claim concerning the ODOC's disbursement of funds from his account.  Miskovsky v. Jones, 437 Fed. Appx. 707 (10th Cir. 2011).  Our court also affirmed the dismissal of Mr. Miskovsky's claim that Defendants retaliated against him for bringing lawsuits by interfering with his legal mail.  We reversed the dismissal of Mr. Miskovsky's claims that Defendants Jones, Gray, Anderson and Rabon had entered into a conspiracy to violate his constitutional rights and had retaliated against him by transferring him to a more dangerous prison.

This left the following remaining claims before the district court:  (1) Mr. Miskovsky's claim that his transfer from JCCC to MACC in December 2008 was unconstitutional retaliation by Defendants Jones, Anderson, Rabon and Gray for the two pleadings Mr. Miskovsky filed in federal court; and (2) his claim that the above-described transfer was the result of a conspiracy between Defendants Jones, Anderson, Rabon and Gray to transfer Mr. Miskovsky to an unsuitable prison in retaliation for his two filings against the Defendants.  The propriety of the state law claims also remained.

The matter was again referred to a magistrate judge.  In a Third Supplemental Report and Recommendation, the magistrate judge recommended

that Mr. Miskovsky's cause of action against the former Judge Gray (now deceased) be dismissed with prejudice pursuant to Fed. R. Civ. P. 25(a). The district court adopted the Report and Recommendation and dismissed the claims against Judge Gray with prejudice. R. Vol. 1 at 1022.

Defendants Jones, Anderson and Rabon then filed motions to dismiss or, alternatively, for summary judgment with respect to Mr. Miskovsky's remaining claims, and Mr. Miskovsky responded.

In his Fourth Supplemental Report and Recommendation, the magistrate judge first addressed the remaining claims against Defendant Jones. The Report noted that, with respect to Mr. Miskovsky's § 1983 claims against Mr. Jones, those claims were barred on the bases of Eleventh Amendment immunity as to any official capacity claims and failure to allege the requisite personal participation as to any individual capacity claims. The magistrate judge concluded that the "remaining § 1983 claims of conspiracy and retaliatory transfer before this Court, as alleged by Plaintiff in his Amended Complaint and found by the Tenth Circuit Court of Appeals, do not involve Defendant Jones." Fourth Supp. Report at 10-11; R. Vol. 1 at 1007-08. The judge accordingly recommended denial, as moot, of Defendant Jones' motion to dismiss and/or for summary judgment.

The magistrate judge then addressed the remaining issues in turn.[2]  After identifying the undisputed material facts before the court, the magistrate judge addressed the allegations that Defendants Anderson, Rabon and Gray conspired to retaliate against Mr. Miskovzky.

"It is well-settled that prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right of access to the courts."  Gee v. Pacheco, 627 F.3d 1178, 1189 (10th Cir. 2010) (brackets and quotation marks omitted).  We have stated that:

> [g]overnment retaliation against a plaintiff for exercising his or her First Amendment rights may be shown by proving the following elements:  (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.

[2]The magistrate judge began with the allegation in the Defendants' Reply brief that Mr. Miskovsky had submitted allegedly false affidavits with his responsive pleadings.  The magistrate judge observed that "[m]ost of these affidavits bear indicia of falsity, including the fact that Plaintiff's signature and notarization appear on a completely separate page from the text of the affidavits, the fact that the separate signature and notarization page is typewritten with a different font from that employed in the body of the affidavit or the fact that the separate signature and notarization pages are typewritten whereas the body of the affidavit is handwritten, and an identical handwritten correction of a typographical error on the notarization."  Fourth Supp. Report at 12.; R. Vol. 1 at 1009.  The judge determined that, whatever the seriousness of the allegations made by the Defendants, the affidavits in question did not provide evidence of a material disputed relevant fact.  It was therefore not necessary to consider the legal sufficiency of the purported affidavits in resolving the motions at hand.

Shero v. City of Grove, 510 F. 3d 1196, 1203 (10th Cir. 2007). It is clear that

Mr. Miskovsky's Amended Complaint asserts the "three elements of a retaliation

claim" recognized in Shero, id. As the magistrate judge stated:

> There is no dispute that Plaintiff filed two pleadings in this action on November 19, 2008. Turning to the second element of the unconstitutional retaliation claim the undisputed facts show that Plaintiff was transferred on December 4, 2008, from one medium security facility to another medium security facility. With respect to the third element of retaliatory motive, the undisputed facts show that Plaintiff's transfer was initiated by JCCC Warden Parker via a written Facility Assignment Form on October 31, 2008, that Warden Parker's transfer request was reviewed by and approved by the appropriate administrative channels consistent with ODOC policy, including JCCC's Facility Classification Committee and ODOC's Population Office, and that the transfer decision was made by ODOC's Population Officer Smith.
>
> Moreover, although Plaintiff alleged in his Amended Complaint that MACC was a more dangerous facility than JCCC, he subsequently filed a motion in this action seeking an injunction to prevent ODOC officials from transferring him out of MACC. In this motion, Plaintiff stated that he did not want to be transferred to another prison.

Fourth Supp. Report at 16-17; R. Vol. 1 at 1013-14. The magistrate judge finally

concluded that:

> the undisputed record shows, consistent with ODOC's policy concerning inmate transfers, that Plaintiff's transfer was initiated by JCCC Warden Parker for the stated reason that Plaintiff was becoming adversarial with staff at the prison, that the transfer request was approved by JCCC's Facility Classification Committee, and that the transfer request was then submitted to and approved by ODOC's Population Office, where the decision was made to transfer Plaintiff to MACC, another medium security prison.

Fourth Supp. Order at 17-18; R. Vol. 1 at 1014-15. Thus, the magistrate judge concluded that "Plaintiff has failed to demonstrate a disputed issue of fact with respect to the essential element of his retaliation claim that the transfer was made to a more dangerous prison." Id. at 18. Indeed, Mr. Miskovsky's motion filed "during the litigation of this case TO PREVENT HIS TRANSFER FROM MACC to another prison is completely contrary to his allegation in his Amended Complaint that MACC was a 'more dangerous' facility than JCCC." Id.

The magistrate judge accordingly concluded that Mr. Miskovsky had not demonstrated a material issue of fact showing a constitutional violation and that a reasonable jury would not find in his favor regarding his § 1983 conspiracy claim. Accordingly, the court concluded that Defendants Anderson and Rabon were entitled to summary judgment with respect to Mr. Miskovsky's remaining retaliation and conspiracy claims.

Next, the magistrate judge declared "frivolous and malicious" the request by Mr. Miskovsky to strike the affidavit authored by Ms. Dianna Eldridge and to impose sanctions on Attorney Kulmacz.[3]

_____

[3]In her affidavit, Mr. Eldridge stated that she was the law librarian at MACC and that on June 15, 2012, she notarized one single affidavit for Mr. Miskovsky, and she did not notarize any other signature. Finding "no procedural insufficiency in this affidavit, which bears a notary's signature and seal, or procedural insufficiency in any other affidavit presented with Defendants Anderson and Rabon's Reply brief," the magistrate judge concluded that Mr. Miskovsky's "motion seeking to 'strike' the affidavit and Plaintiff's further request that the Court 'impose sanctions' against Defendants' attorney [Mr.
(continued...)

-10-

Having decided that no federal claims remained in the case, the magistrate judge decided to "decline to exercise supplemental jurisdiction over Plaintiff's state-law-based claims." Fourth Supp. Order at 19-20; R. Vol. 1 at 1016-17 (citing 28 U.S.C. § 1367(c)(3)). They were accordingly dismissed without prejudice.

To summarize: the magistrate judge recommended that Defendant Jones' motion to dismiss/motion for summary judgment be denied as moot; that Defendants Anderson and Rabon's motion for summary judgment be granted and that judgment issue in favor of Defendants Anderson and Rabon against Mr. Miskovsky. The judge further recommended dismissal without prejudice of the state law claims, denial of Mr. Miskovsky's requests to strike and for sanctions, and denial of Defendants' request to strike Mr. Miskovsky's request for sanctions.

The district court subsequently adopted the recommendations of the magistrate judge. After agreeing that no federal claims remained against Mr. Jones, the court acknowledged that the "only remaining federal claims in this action are the retaliation claim based on plaintiff's prison transfer—expressly made against defendants Rabon, Anderson, and Gray—and the related conspiracy claim." Order at 2; R. Vol. 1 at 1033. Turning to those claims against Defendants Anderson and Rabon, the court stated, "[a]fter *de novo* review, the

---

[3](...continued)
Kulmacz] is baseless." Fourth Supp. Report at 19; R. Vol. 1 at 16.

court agrees with the magistrate judge's well-reasoned conclusion that Plaintiff has failed to raise a disputed issue of material fact as to the required elements of his retaliation claim, and that, consequently, defendants Anderson and Rabon are entitled to judgment as a matter of law in that claim." Id. at 3; R. Vol. 1 at 1034. That disposition "forecloses plaintiff's remaining conspiracy claim, which relies on the underlying retaliation claim to establish the requisite deprivation of a constitutional right." Id. The court accordingly directed entry of summary judgment for Defendants on the conspiracy claim.

Finally, with respect to the various motions to strike and for sanctions, the court agreed with the recommendation to deny them. Regarding Mr. Miskovsky's second motion for sanctions against Defendants' attorney, the court declared it "frivolous and malicious." Id. at 4. This appeal followed.

## DISCUSSION

"This court reviews the denial of a Rule 12(b)(6) motion to dismiss *de novo*, applying the same standard as the district court, and accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff." Doe v. City of Albuquerque, 667 F.3d 1111, 1118 (10th Cir. 2012) (quotation and alteration omitted). We review the "district court's refusal to impose Rule 11 sanctions for abuse of discretion." Brown v. Eppler, 725 F.3d 1221, 1228 n.3 (10th Cir. 2013). And, of course, "[g]rants of

-12-

summary judgment are reviewed de novo, applying the same standard as the district court." Id.

We agree fully with the district court's order, adopting the magistrate judge's thorough and well-reasoned discussion and analysis. We have nothing more to add.

**CONCLUSION**

Accordingly, we AFFIRM the district court's judgment for substantially the reasons stated in its order and in the magistrate judge's report and recommendation which it adopted. Appellant's "Motion to Strike" is DENIED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge